IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROOF4ROOF LLC,**<br><br>Plaintiff,<br><br>-against-<br><br>**ROOF 2 ROOF LLC, and JOHN DOES 1-10**<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Roof4Roof LLC ("Plaintiff" or "Roof4Roof"), by and through its attorneys, for its Complaint against Defendant Roof 2 Roof LLC ("Defendant Roof 2 Roof" or "Defendant") and John Does 1-10 (jointly and severally known as "Defendants"), respectfully alleges as follows:

**I.     PRELIMINARY STATEMENT**

1. This action arises out of Defendants' improper use of the word mark ROOF 2 ROOF ("ROOF 2 ROOF" or the "Infringing ROOF 2 ROOF Mark") in connection with roofing services in the United States.

2. Plaintiff brings this lawsuit to protect the substantial goodwill it has built in its distinctive ROOF4ROOF trademark since at least as early as May, 2012 ("ROOF 4 ROOF" or the "Protected ROOF4ROOF Mark"). Due to this lengthy use and Plaintiff's substantial investment in

advertising and promotion, Plaintiff's Protected ROOF4ROOF Mark has gained a reputation as being a source of high-quality roofing services.

3. The goodwill and reputation for quality that Plaintiff has worked so hard to cultivate is being threatened by Defendants' actions as described herein. Defendants have used and continue to use their ROOF 2 ROOF word mark, which is confusingly similar to Plaintiff's ROOF4ROOF word mark. Defendants compete directly with Plaintiff for customers, as Defendants sell competing services to many of the same consumers served by Plaintiff.

4. Unless Defendants are enjoined from using their Infringing ROOF 2 ROOF Mark, such use will continue to cause consumer confusion and will cause irreparable harm to Plaintiff.

5. This action seeks injunctive relief, damages, and other appropriate relief arising from Defendants' willful acts of trademark infringement and unfair competition.

**II.   THE PARTIES**

6. Plaintiff Roof4Roof LLC is a limited liability company duly organized and existing under the laws of the State of New Jersey, having an office and place of business at 520 NJ-17 Carlstadt, NJ 07072.

7. Defendant Roof 2 Roof LLC is a limited liability company duly organized and existing under the laws of the State of New Jersey, having an office and place of business at 43 River St, Lodi, NJ, 07644.

8. Defendants John Doe Nos. 1 through 10 are individuals or entities whose true names and identities are currently unknown to Plaintiff. Plaintiff is informed and believes that each of these Defendants is responsible, in whole or in part, for the acts of trademark infringement

alleged herein. Plaintiff will amend this complaint to include the true names and identities of John Doe Nos. 1 through 10 as and when they are ascertained through discovery or otherwise.

### III.    JURISDICTION AND VENUE

9.     This is an action for infringement of a federally-registered trademark in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)) and for unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). This action also includes claims under New Jersey common law for trademark infringement and unfair competition.

10.    This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the trademark laws of the United States, 15 U.S.C. 1051 *et seq.*

11.    This Court has supplemental jurisdiction over Plaintiff's state law and common law claims under 28 U.S.C. § 1367, in that this action also includes claims under state and common law for trademark infringement and unfair competition. The state and common law claims are intertwined with such federal trademark laws that they form part of the same case or controversy.

12.    This Court has personal jurisdiction over Defendants. Defendants have advertised and transacted business, including but not limited to under the Infringing ROOF 2 ROOF Mark, in this state. As such, Defendants have engaged in substantial activity within New Jersey and this judicial district and have had substantial contacts there, having purposefully availed themselves of the privilege of conducting activities in the forum. Furthermore, Defendants have caused injury to Plaintiff within New Jersey and within this judicial district.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendants may be found or transact business in this district and a substantial part of the events giving rise to the Plaintiff's claims occurred and are continuing to occur in this district.

### IV. FACTS

14. Plaintiff is a company that specializes in providing roofing service. Plaintiff has been selling its roofing services in United States commerce under the ROOF4ROOF mark (the "Protected ROOF4ROOF Mark") since at least as early as March of 2012. It has used the Protected ROOF4ROOF Mark continuously in United States commerce since that time.

15. Additionally, Plaintiff is the owner of a trademark registration, U.S. Reg. No. 7680376, which issued on February 4, 2025 on the Principal Register of the United States Patent and Trademark Office ("USPTO"). This registration for the Protected ROOF4ROOF Mark covers "Charitable services, namely, providing maintenance and repairs on the homes of those in need; Charitable services, namely, renovating homes for low income families; Roofing contracting; Roofing installation; Roofing repair; Roofing services" in International Class 37. *See* Declaration of Lawrence S. Rosenthal ("Rosenthal Decl."), ¶2. The registration is valid and subsisting and in full force and effect.

16. Plaintiff's services are sold under the ROOF4ROOF Mark on its website, https://roof4roof.com/, on Twitter at @Roof4RoofNJ, on Instagram at https://www.instagram.com/roof4roof/, on Facebook at https://www.facebook.com/Roof4Roof, and on LinkedIn at https://www.linkedin.com/company/roof4roof-njrc. Its roofing services have also been featured in NorthJersey.com (Rosenthal Decl., ¶¶ 3, 4), NJ Biz (*Id.*, ¶ 5), and Pocono Record (*Id.*, ¶ 6), and it is active on social media.

17. Plaintiff has invested substantial time, effort, and financial resources promoting its Protected ROOF4ROOF Mark in connection with the marketing and sale of its goods in interstate commerce. The Protected ROOF4ROOF Mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality services, and its goodwill. The consuming public recognizes the Protected ROOF4ROOF Mark and associates it with Plaintiff.

18. Plaintiff's Protected ROOF4ROOF Mark is inherently distinctive as applied to Plaintiff's services that bear the mark.

19. Defendant Roof 2 Roof LLC "is a New Jersey based Roofing contractor specializing in Roof repairs and replacements…." (*See* Rosenthal Decl., ¶ 7.)

20. As such, Defendants' services are sold under the Infringing ROOF2ROOF Mark, and Defendants' roofing services overlap in scope with Plaintiff's roofing services.

21. Defendant's business address is also close in proximity to Plaintiff's business address, as Defendant's main office is located approximately five (5) miles from Plaintiff's main office. Defendants also own the roof2roofnj.com domain name and sell its services at the website connected to that domain name (*See* Rosenthal Decl., ¶ 7). They have advertised their goods under the infringing trademark on Instagram at https://www.instagram.com/roof2roofllc/ (*see id.*, ¶ 8).

22. Given the similarities between Plaintiff's ROOF4ROOF Mark and Defendant's ROOF 2 ROOF Mark, customers are likely to be confused as to the origin of Defendants' roofing services and/or its affiliation or sponsorship with Plaintiff's ROOF4ROOF Mark.

23. On or about October 15, 2024, Plaintiff communicated with Defendants regarding this matter. Defendants refused to cooperate and continue to use the Infringing ROOF 2 ROOF

Mark in connection with its services. As such, Plaintiff has no choice but to initiate this action to address the wrongdoing by Defendants.

24. At all times relevant to this Complaint, Defendants were, or should have been, aware of the existence of the Protected ROOF4ROOF Mark, in part due to (1) Plaintiff's trademark registration for the Protected ROOF4ROOF Mark described herein, (2) Plaintiff's use of the Protected ROOF4ROOF Mark across the United States, including but not limited to New Jersey, (3) Plaintiff's marketing and promotion of its services under the Protected ROOF4ROOF Mark in the United States, and/or (4) the close physical proximity between Plaintiff and Defendants.

25. Defendants market and advertise their services under the Infringing ROOF 2 ROOF Mark to compete for customers and potential customers of Plaintiff.

26. Plaintiff did not authorize Defendants to use the Infringing ROOF 2 ROOF Mark or any term or mark that is similar to the Protected ROOF4ROOF Mark.

27. Defendants' use of the Infringing ROOF 2 ROOF Mark was and is willful, intentional, and in blatant disregard of Plaintiff's rights in the Protected ROOF4ROOF Mark.

## V. CLAIMS

### COUNT 1
**(Federal Trademark Infringement (15 U.S.C. § 1114))**

28. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-27 inclusive, as though fully set forth.

29. As its first ground for relief, Plaintiff alleges federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

30. Notwithstanding Plaintiff's established rights in the Protected ROOF4ROOF Mark, upon information and belief, Defendants adopted and used the confusingly similar ROOF 2 ROOF

trademark in interstate commerce in connection with the sale and offering for sale of roofing services in approximately March, 2024.

31. Without Plaintiff's consent, Defendants have used and continue to use the Infringing ROOF 2 ROOF Mark in connection with the sale, offering for sale, distribution, or advertising of its services.

32. Defendants have engaged in their infringing activity despite having constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072 and despite having actual knowledge of Plaintiff's use of the Mark.

33. Defendants' actions are likely to mislead the public into concluding that its services originate with or are authorized by Plaintiff, which will damage both Plaintiff and the public. Plaintiff has no control over the quality of goods sold by Defendants, and because of the source confusion caused by Defendants, Plaintiff has lost control over its valuable goodwill.

34. Upon information and belief, Defendants have advertised and offered its goods for sale using the Infringing ROOF 2 ROOF Mark with the intention of misleading, deceiving, or confusing consumers as to the origin of its goods and of trading on Plaintiff's reputation and goodwill. Defendants' use of its ROOF 2 ROOF mark constitutes willful, deliberate, and intentional trademark infringement.

35. Defendants' unauthorized use of the ROOF 2 ROOF mark in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

36. As a direct and proximate result of Defendants' trademark infringement, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits, and goodwill, and Defendants have and will continue to unfairly acquire income, profits, and goodwill.

37. Defendants' acts of infringement will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## COUNT 2
**(Federal Unfair Competition and False Designation of Origin (15 U.S.C. § 1125(a)))**

38. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 37 inclusive, as though fully set forth herein.

39. As its second ground for relief, Plaintiff alleges federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Plaintiff's uses the Protected ROOF4ROOF Mark in commerce in connection with its roofing services across the United States. As such, Plaintiff has acquired superior rights under the common law to use the Protected ROOF4ROOF Mark in connection with its roofing services.

41. Defendants' unauthorized marketing and sale of its services in interstate commerce using its ROOF 2 ROOF mark constitutes a use of a false designation of origin or false representation that wrongfully and falsely designates Defendants' products as originating from or connected with Plaintiff and constitutes the use of false descriptions or representations in interstate commerce. The actions of Defendants as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition.

42. Defendants' actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

43. As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits, and goodwill, and Defendants have and will continue to unfairly acquire income, profits, and goodwill.

44. Defendants' acts of unfair competition will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## COUNT 3
### (Unfair Competition in Violation of New Jersey Consumer Common Law)

45. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 44 inclusive, as though fully set forth herein.

46. Defendants' use of the Infringing ROOF 2 ROOF Mark in connection with its services is likely to cause confusion or mistake among actual and/or potential customers or to deceive actual and/or potential customers, as to the origin, sponsorship, or approval of Defendants' services and/or Defendants' commercial activities in the State of New Jersey as to an affiliation with Plaintiff or the origin of its services. Thus, Defendants' use of the Infringing ROOF 2 ROOF Mark in connection with its services, as alleged above, constitutes a false designation of origin and unfair competition by Defendants in violation of New Jersey Consumer Common Law. Defendants' false designation and unfair competition conducts described above has damaged and continues to damage Plaintiff in an amount to be determined.

47. As a result of Defendants' infringing acts described above, Plaintiff has no adequate remedy at law for the foregoing wrongful conduct. Plaintiff has been, and absent injunctive relief, will continue to be, irreparably harmed by Defendants' actions.

## COUNT 4
### (Trademark Infringement Under New Jersey State Common Law)

48. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 47 inclusive, as though fully set forth herein.

49. Plaintiff's Protected ROOF 4 ROOF Mark is a valid trademark under New Jersey State common law.

50. The acts of Defendants alleged herein constitute the use, without the consent of Plaintiff, of a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Protected ROOF 4 ROOF Mark in connection with the advertisement, promotion, sale, and distribution of services identical or near-identical to those offered by Plaintiff, which use is likely to cause confusion or mistake, or to deceive consumers, and therefore infringe Plaintiff's right in its Protected ROOF 4 ROOF Mark in violation of Plaintiff's common law trademark rights.

51. Plaintiff has no adequate remedy at law for the foregoing wrongful conduct. Plaintiff has been, and absent injunctive relief, will continue to be, irreparably harmed by Defendants' actions.

### VI. PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiff ROOF4ROOF, LLC prays for judgment as follows:

1. Defendants have violated Section 32(1) of the Lanham Act, 15 U.S.C. § 1114;

2. Defendants have violated Section 43(a) of the Lanham Act, 15.U.S.C § 1125(a);

3. Defendants have engaged in unfair competition in violation of New Jersey State consumer common law; and/or

4. Defendants have engaged in trademark infringement in violation of New Jersey State common law.

(A) For a permanent injunction restraining Defendants, their divisions, subsidiaries, officers, agents, employees, attorneys, and all those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from making any commercial use of any service marks and/or trademarks, including but not limited to the term ROOF 2 ROOF, that are confusingly similar to the term, ROOF4ROOF, anywhere throughout the United States;

(B) For a permanent injunction ordering Defendants to deliver up for destruction all materials bearing the term ROOF 2 ROOF or any other marks that are confusingly similar to the term, ROOF4ROOF, including any literature, signs, prints, packages;

(C) For an order directing Defendants to forfeit and transfer the domain name, roof2roofnj.com, and all other domain names that are confusingly similar to the terms ROOF4ROOF, to Plaintiff;

(D) For an order (1) requiring Defendants to account for and pay to Plaintiff all of Defendants' profits derived from its unlawful conduct, to the full extent provided for by Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), including treble damages as appropriate, (ii) as an alternative to awarding profits under Section 35(a), awarding Plaintiff statutory damages as provided for by Section 35(c) of the

      Lanham Act, 15 U.S.C. § 1117(c); and (iii) awarding Plaintiff general and special damages to the full extent provided by New Jersey common law;

(E)    For interests, costs, disbursements and all expenses, including attorneys' fees in connection with this action where appropriate, pursuant to 15 U.S.C. § 1117; and

(F)    For such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

<u>Plaintiff demands a trial by jury as to all issues.</u>

Dated: Westfield, New Jersey  
August 7, 2025

Respectfully submitted,

*[signature]*

Lawrence Rosenthal  
Rosenthal IP Law  
316 East Broad St.  
Westfield, NJ 07090

Tel:   (908) 666-4673  
Email: larry@rosenthal.law  
*Counsel for Plaintiff,*  
*Roof4Roof, LLC*